OPINION
{¶ 1} On August 13, 1998, Shari Wakefield was injured when she was struck by a motor vehicle driven by Alexander Naumoff.
 {¶ 2} At the time of the accident, Ms. Wakefield was performing traffic control detail for Bill Hawk, Inc., insured under a commercial automobile policy issued by appellee, Westfield Insurance Company. She was also employed with the Village of Dalton Police Department, insured under a business auto policy issued by appellant, The Personal Service Insurance Company.
 {¶ 3} On February 28, 2003, Ms. Wakefield filed a complaint for declaratory judgment seeking underinsured motorist benefits from both insurance companies. All parties filed motions for summary judgment. On July 1, 2003, Ms. Wakefield settled the matter with Westfield, and assigned all of her claims against Personal Service to Westfield. By judgment entry filed August 7, 2003, the trial court found Ms. Wakefield was entitled to underinsured motorist benefits under both policies, and Personal Service was primary.
 {¶ 4} Personal Service filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 5} "The trial court erred as a matter of law in finding that Shari Wakefiled is an insured under the personal service policy and is entitled to underinsured motorist coverage."
 II {¶ 6} "The trial court erred as a matter of law in determining the fact that Shari Wakefield was not in a covered auto at the time of her accident does not preclude underinsured motorist coverage under the personal service policy."
 III {¶ 7} "The trial court erred as a matter of law in concluding that any coverage afforded to Shari Wakefield under the personal service policy is primary and that coverage afforded to wakefield under the westfield policy is excess."
 IV {¶ 8} "The trial court erred as a matter of law in finding that personal service is responsible to pay the entire $300,000 owed to Shari Wakefield pursuant to a settlement agreement between Wakefield and Westfield."
 I {¶ 9} Personal Service claims the trial court erred in extending coverage under its business auto policy pursuant toScott-Pontzer v. Liberty Mutual Fire Insurance Co.,85 Ohio St.3d 660, 1999-Ohio-292.
 {¶ 10} The Personal Service policy contained express uninsured/underinsured motorist coverage. The definition of an "insured" under the uninsured/underinsured motorist provisions of the policy is similar to the definition in Scott-Pontzer. See, Section B of the Ohio Uninsured Motorists Coverage, attached to Plaintiff's Complaint as Exhibit B. Based upon the Supreme Court of Ohio's recent decision in Westfield Insurance Co. v.Galatis, 100 Ohio St.3d 216, 2003-Ohio-5849, we find Ms. Wakefield is not an insured under the policy, and therefore is not entitled to underinsured motorist benefits.
 {¶ 11} Assignment of Error I is granted. The remaining assignments of error are moot.
 {¶ 12} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby reversed.
Farmer, J., Hoffman, P.J. and Edwards, J. concur.